FILED
CLERK, U.S. DISTRICT COURT

8/15/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_MMC\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARK CHAVEZ,<br><br>　　　　Defendant. | CR No. 2:24-CR-00492-MWF<br><br>I N F O R M A T I O N<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Ketamine] |

　　　The United States Attorney charges:

[21 U.S.C. § 846]

A.　INTRODUCTORY ALLEGATIONS

　　　At times relevant to this Information:

　　　1.　Defendant MARK CHAVEZ was a medical doctor licensed to practice in the State of California.  Defendant CHAVEZ had applied for and obtained authorization from the Drug Enforcement Administration ("DEA") to dispense, administer, and prescribe narcotics and other controlled substances, so long as such prescriptions were for a legitimate medical purpose.

　　　2.　Defendant CHAVEZ knew that ketamine was a Schedule III controlled substance that was FDA-approved for induction and maintenance of general anesthesia during surgical procedures.  Due to

medical risks associated with ketamine, defendant CHAVEZ understood it was necessary for a health care provider to monitor a patient who had just been given ketamine, and during that observation period, have access to certain lifesaving equipment, including a defibrillator, a supply of supplemental oxygen, equipment to monitor the patient's heart rate and breathing, and medication to ensure patient safety, including medication to control unsafe spikes in blood pressure.

3.   Defendant CHAVEZ was aware that selling vials of ketamine to a patient for self-administration was illegal, far outside the scope of professional practice, and without a legitimate medical purpose.  Defendant CHAVEZ similarly knew it was illegal to obtain a prescription of a controlled substance in the name of a patient without the patient's knowledge or consent.

4.   On or about July 17, 2023, defendant CHAVEZ submitted a fraudulent prescription to Pharmacy 1 to obtain thirty 200mg ketamine lozenges in the name of Patient V.B. without Patient V.B.'s knowledge or consent.  Pharmacy 1 subsequently filled the fraudulent prescription and sent defendant CHAVEZ ten 200mg ketamine lozenges in V.B.'s name (the "Fraudulent V.B. Prescription").

B.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown but no later than September 2023, and continuing until at least on or about October 28, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant CHAVEZ conspired with others known and unknown to the United States Attorney, to knowingly and intentionally distribute ketamine, a Schedule III controlled substance, while acting and intending to act outside of the usual course of

professional practice, and without a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i).

C.    MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Co-Conspirator 1 would contact defendant CHAVEZ about purchasing ketamine from defendant CHAVEZ so that Co-Conspirator 1 could sell the ketamine to Victim M.P.

2. Defendant CHAVEZ would communicate with Co-Conspirator 1 about the type and quantity of ketamine that defendant CHAVEZ had available for sale, and about the price in which Co-Conspirator 1 intended to charge Victim M.P. for ketamine.

3. To ensure that defendant CHAVEZ and Co-Conspirator 1 had a sufficient supply of ketamine to sell to Victim M.P., defendant CHAVEZ would order ketamine from medical distributors and, in doing so, submit false certifications stating, among other things, that defendant CHAVEZ would not be selling or transferring the ketamine to another doctor.

4. Defendant CHAVEZ would advise Co-Conspirator 1 how to administer ketamine to Victim M.P. and urge him to sell ketamine to Victim M.P. for profit, including selling the Fraudulent V.B. Prescription.

5. Co-Conspirator 1 would administer ketamine to Victim M.P. via intermuscular injections and sell vials of ketamine which he would provide to Victim M.P. for self-administration by another co-conspirator.

6. Co-Conspirator 1 would communicate with defendant CHAVEZ about his interactions with Victim M.P., including adverse reactions that Victim M.P. experienced when Co-Conspirator 1 administered a large dose of ketamine.

D.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant CHAVEZ and others known and unknown to the United States Attorney, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On September 30, 2023, Co-Conspirator 1 contacted defendant CHAVEZ about purchasing ketamine from defendant CHAVEZ so that Co-Conspirator 1 could sell the ketamine to Victim M.P.

Overt Act No. 2:   On September 30, 2023, defendant CHAVEZ agreed to sell ketamine to Co-Conspirator 1.

Overt Act No. 3:   On September 30, 2023, in text messages, defendant CHAVEZ also told Co-Conspirator 1 that he had ketamine lozenges available and sent Co-Conspirator 1 a photograph of the Fraudulent V.B. Prescription with Patient V.B.'s name concealed by black marker.

Overt Act No. 4:   On September 30, 2023, in response to Co-Conspirator 1 asking "If I can get you 2k would you meet me halfway?", defendant CHAVEZ stated, "yes."

Overt Act No. 5:   On September 30, 2023, defendant CHAVEZ met Co-Conspirator 1 in or around Costa Mesa, California and transferred the following to Co-Conspirator 1: at least four vials of liquid

ketamine, nine ketamine lozenges from the Fraudulent V.B. Prescription, gloves, and syringes.

<u>Overt Act No. 6</u>:  On September 30, 2023, Co-Conspirator 1 traveled to Victim M.P.' residence in Los Angeles County, where he injected Victim M.P. with ketamine, and left behind at least one vial of ketamine and multiple syringes.

<u>Overt Act No. 7</u>:  On September 30, 2023, Co-Conspirator 1 sent text messages to defendant CHAVEZ describing the meeting with Victim M.P., stating it was "like a bad movie."

<u>Overt Act No. 8</u>:  On or about September 30, 2023, Co-Conspirator 1 paid defendant CHAVEZ a portion of the money Co-Conspirator 1 had received from selling ketamine to Victim M.P.

<u>Overt Act No. 9</u>:  On October 2, 2023, ahead of a planned meeting with Victim M.P. and in response to Co-Conspirator 1 stating, "[i]f today goes well we may have repeat business," defendant CHAVEZ sent a text message stating: "Let's do everything we can to make it happen."

<u>Overt Act No. 10</u>:  On October 2, 2023, defendant CHAVEZ told Co-Conspirator 1: "[y]ou should sell him the troches," referring to the ketamine obtained via the Fraudulent V.B. Prescription.

<u>Overt Act No. 11</u>:  On October 2, 2023, Co-Conspirator 1 traveled to Victim M.P.'s residence to inject him with ketamine and to sell additional ketamine, including the Fraudulent V.B. Prescription.

<u>Overt Act No. 12</u>:  On October 2, 2023, Co-Conspirator 1 provided updates to defendant CHAVEZ over text message regarding his visit to Victim M.P.'s residence, advising that he planned to give Victim M.P. 360 milligrams of ketamine over the span of an hour.

5

<u>Overt Act No. 13</u>:  On October 2, 2023, Co-Conspirator 1 informed defendant CHAVEZ that he would need additional ketamine to sell to Victim M.P.

<u>Overt Act No. 14</u>:  On October 2, 2023, defendant CHAVEZ attempted to place an order for 10 vials of ketamine from a wholesale distributor of controlled substances ("Wholesale Ketamine Distributor 1") for the purpose of obtaining additional ketamine to transfer to Co-Conspirator 1.

<u>Overt Act No. 15</u>:  On October 2, 2023, defendant CHAVEZ submitted a License Authorization Form to a different wholesale distributor of controlled substances ("Wholesale Ketamine Distributor 2") for the purpose of obtaining additional ketamine to transfer to Co-Conspirator 1.  Among other things, the License Authorization Form contained false statements, including that defendant CHAVEZ worked for the facility "Dreamscape Ketamine – The Health MD" and a certification that the drugs "will be used only by the organization" and "will not be sold to a third party, distributed or used for any other purpose."

<u>Overt Act No. 16</u>:  On October 4, 2023, in or around Irvine, California, defendant CHAVEZ transferred eight vials of liquid ketamine to Co-Conspirator 1, for which defendant CHAVEZ was later compensated.

<u>Overt Act No. 17</u>:  On October 4, 2023, Co-Conspirator 1 traveled to Victim M.P.'s residence to transfer and sell multiple vials of ketamine.

<u>Overt Act No. 18</u>:  On October 4, 2023, in text messages, Co-Conspirator 1 told defendant CHAVEZ the following: "any trouble finding more ketamine . . .  in case this continues with this guy,

6

and I think it would be best served not having him look elsewhere and [b]e his go to."

Overt Act No. 19:  On October 4, 2023, in response to the text messages described in Overt Act No. 18, defendant CHAVEZ stated he was "working on getting more" ketamine.

Overt Act No. 20:  On October 4, 2023, defendant CHAVEZ submitted an order for 10 vials of ketamine to Wholesale Ketamine Distributor 2, which he intended to distribute to Co-Conspirator 1 to be sold to Victim M.P.

Overt Act No. 21:  On October 4, 2023, in response to an email from Wholesale Ketamine Distributor 1 requesting that defendant CHAVEZ complete a "Know Your Customer" DEA Questionnaire, defendant CHAVEZ completed the form and submitted it to Wholesale Ketamine Distributor 1 knowing that it contained materially false statements, including stating "No" in response to the question, "Do you sell any products to other []practitioners?"

Overt Act No. 22:  On October 6, 2023, defendant CHAVEZ advised Co-Conspirator 1 over text message that he had "found a pharmacy that has Ketamine," and that the co-conspirators could obtain ketamine sooner than expected.

Overt Act No. 23:  On October 9, 2023, defendant CHAVEZ received the ketamine shipment from Wholesale Ketamine Distributor 1 and sent a text message to Co-Conspirator 1 advising, "Are we still meeting tomorrow.  We got the Shipment today.  One box of 10 vials."

Overt Act No. 24:  On October 9, 2023, in response to the text message referenced in Overt Act No. 23, Co-Conspirator 1 stated: "Great. Yes. I'm going to probably come to you[] mid day."

<u>Overt Act No. 25</u>:  On October 10, 2023, defendant CHAVEZ met Co-Conspirator 1 in Irvine, California and transferred 10 vials of ketamine to Co-Conspirator 1 so that they could be sold to Victim M.P.

<u>Overt Act No. 26</u>:  On October 10, 2023, Co-Conspirator 1 called defendant CHAVEZ and informed him that Co-Conspirator 1 had just injected Victim M.P. with ketamine while Victim M.P. was in the back seat of a vehicle parked in a public parking lot in Long Beach, California.

<u>Overt Act No. 27</u>:  On October 12, 2023, Co-Conspirator 1 administered a large dose of ketamine to Victim M.P. which caused an adverse medical reaction, including a significant spike to Victim M.P.'s systolic blood pressure and causing him to freeze up, such that Victim M.P. could not speak or move.

<u>Overt Act No. 28</u>:  October 13, 2023, in response to a text messages from Co-Conspirator 1 asking if he would be interested in running a ketamine clinic with Co-Conspirator 1, defendant CHAVEZ said: "interesting," and "as long as we are doing things on the up and up we can start ASAP . . . . All done legally without any shady stuff.  Having them come to the clinic will insure this."

<u>Overt Act No. 29</u>:  On October 13, 2023, in response to Co-Conspirator PLASENCIA's question, "Oh so you dont agree with the method I am currently doing?", defendant CHAVEZ stated: "It's not what I think it's what an entity like the California medical board would view it . . . . Or the DEA . . . " and forwarded Co-Conspirator PLASENCIA a screenshot of an October 12, 2023 email that defendant CHAVEZ received notifying him that he was under investigation by the California Board of Medicine.

Overt Act No. 30:  On October 19, 2023, when he was interviewed by investigators from the DEA and the Medical Board of California about the ketamine lozenges prescribed in Patient V.B.'s name missing from defendant CHAVEZ's former ketamine clinic, defendant CHAVEZ concealed from investigators the fact that he had transferred ketamine to Co-Conspirator 1 to sell to Victim M.P. and instead claimed that he had thrown the lozenges away because they had melted in his car.

Overt Act No. 31:  On or after October 28, 2023, after learning about Victim M.P.'s death, defendant CHAVEZ called Co-Conspirator 1 to discuss whether Co-Conspirator 1 was concerned that the ketamine they distributed to Victim M.P. may have been the cause of his death.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

HAOXIAOHAN CAI
Assistant United States Attorney
Major Frauds Section